**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEXT/INGLE HOLDINGS, LLC, a Delaware limited liability company, and NEXT NRG OPS, LLC, f/k/a NEXTNRG, LLC, a Delaware limited liability company,

*Plaintiffs*,

*v.*

GSPP HOLDCO III, LLC, a New York limited liability company, and GREEN STREET POWER PARTNERS, LLC, a New York limited liability company,

*Defendants*.

ORDER

25 Civ. 9836 (GBD)

**GEORGE B. DANIELS, United States District Judge:**

Plaintiffs Next/Ingle Holdings, LLC and Next NRG OPS, LLC (together, "Plaintiffs") invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) in this action against GSPP Holdco III, LLC and Green Street Power Partners, LLC (together, "Defendants"). (Am. Compl., ECF No. 28, ¶ 5.) The present record raises two concerns regarding that jurisdiction.[1] First, the parties' Rule 7.1 disclosure statements, (ECF Nos. 3, 17, 18), indicate that each Defendant may possess both domestic and foreign citizenship, raising a question whether this action falls within any applicable category of jurisdiction under § 1332(a). Second, the Rule 7.1 statements do not fully establish each party's citizenship. Accordingly, Plaintiffs are directed to file a letter

[1] Federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If this Court determines that it lacks subject-matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

addressing this Court's jurisdiction, and each party is directed to file an amended Rule 7.1(a)(2) disclosure statement, as set forth below.

Defendants' statements indicate that each Defendant, through its members, is a citizen of several States and of the Netherlands. (ECF No. 17 at 2–5; ECF No. 18 at 2–5.) Courts in this District have held that § 1332(a) does not confer jurisdiction over an action between citizens of a State and an unincorporated entity with both domestic and foreign citizenship. *See, e.g.*, *Pattern Energy Grp. LP v. Perillo*, No. 25-CV-00785, 2025 WL 1112848, at *3–7 (S.D.N.Y. Apr. 15, 2025) ("Section 1332(a)'s text simply does not provide for jurisdiction over disputes between citizens of a U.S. state on the one side, and an unincorporated entity with dual U.S. and foreign citizenship on the other."); *N.Y. Metro. Reg'l Ctr., L.P. II v. Mammoet USA Holding, Inc.*, 552 F. Supp. 3d 451, 458 (S.D.N.Y. 2021) (finding "no authority for the theory that a federal court can slice and dice a single-artificial-entity party and mix and match different subsections of Section 1332 to exercise jurisdiction over a case that would not otherwise fit within any one of the subsections"); *see also FS Med. Supplies, LLC v. Tanner Pharma UK Ltd.*, 179 F.4th 278, 285 & n.7 (4th Cir. 2026) (holding that an LLC's combined domestic and foreign citizenship defeated diversity jurisdiction).

Separately, Rule 7.1(a)(2) requires each party in a diversity action to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2). The parties' statements do not fully comply with that requirement. For example, Plaintiffs' statement omits the members of Cohen Global Energy LLC and the principal place of business of NextNRG Holding Corp. (ECF No. 3, ¶¶ 1, 3.) Likewise, Defendants' statements omit the members of Gilbert Katz Family LLC and say only that each trust in their ownership chain is "wholly owned by" certain individuals or entities, without identifying

the trust's type or its trustees. (ECF No. 17 at 3–5; ECF No. 18 at 3–5.) *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 381–83 (2016) (explaining that a traditional trust takes the citizenship of its trustees, while a business or statutory trust takes the citizenship of its members). These examples are not exhaustive.

Accordingly, by November 2, 2026, each party shall file an amended Rule 7.1(a)(2) disclosure statement identifying its citizenship, and the citizenship of *every* individual and entity from which that citizenship derives, as of November 25, 2025, the date this action was filed.

By November 2, 2026, Plaintiffs shall file a letter identifying the subsection of § 1332(a) under which this Court has jurisdiction and explaining how the parties' citizenships satisfy that subsection. Defendants' response, if any, is due by November 9, 2026. No letter shall be greater than five pages in length.

**SO ORDERED.**

Dated: OCT 19 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE